UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 06-80010-CR-Ryskamp/Hopkins

18 U.S.C. §371
18 U.S.C. § 2
15 U.S.C. § 78j(b)
15 U.S.C. § 78ff(a)
17 C.F.R. § 240.10b-5

UNITED STATES OF AMERICA,

vs.

BRYAN CRANE,
JONATHAN LEI, and
RONALD RAMSAY,
        Defendants.
_____/



FILED by _____ D.C.
MAG. SEC.
JAN 19 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Defendant BRYAN CRANE was vice president of corporate development at Roaming Messenger, Inc. ("Roaming Messenger"), a Nevada corporation located in Santa Barbara, California. Defendant JONATHAN LEI was the president and chief executive officer at Roaming Messenger.

2. Roaming Messenger was purportedly in the business of developing, marketing, and distributing a wireless messaging product. Roaming Messenger was a publicly traded company whose stock traded on the Over-the-Counter Bulletin Board under the symbol "RMSG."

3. Defendant RONALD RAMSAY was a stock promoter who worked out of the New York City area.



4. Agents of the Federal Bureau of Investigation ("FBI"), acting in an undercover capacity, posed as corrupt managers of an unregulated hedge fund located in Boca Raton, Florida named the H & B Fund of South Florida ("H & B Fund"). The undercover FBI agents offered to have the H & B Fund purchase securities of a given company to the exclusion of other securities in exchange for undisclosed kickbacks.

5. Global Connect, Inc ("Global Connect") was a consulting company purportedly used by the undercover FBI agents to receive payment of illegal kickbacks.

## COUNT 1

## CONSPIRACY TO COMMIT SECURITIES FRAUD, MAIL FRAUD AND WIRE FRAUD

1. The allegations contained in paragraphs 1 through 5 of the General Allegations section of this Indictment are realleged and incorporated as though fully set forth herein.

2. In or about February and March 2005, at Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**BRYAN CRANE,
JONATHAN LEI, and
RONALD RAMSAY,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, namely, (a) mail fraud, in violation of Title 18, United States Code, Section 1341; (b) wire fraud, in violation of Title 18, United States Code, Section 1343; and (c) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a) and Title 17, Code of Federal Regulations, Section 240.10b-5.

## PURPOSE AND OBJECT OF THE CONSPIRACY

3. It was a purpose and object of the conspiracy for the defendants to unjustly enrich themselves and to provide capital to Roaming Messenger by defrauding the H & B Fund through paying undisclosed kickbacks to the undercover FBI agents in exchange for causing the H & B Fund to purchase a large amount of Roaming Messenger stock in a private placement offering after purchasing smaller amounts of stock in the open market

## MANNER AND MEANS OF THE CONSPIRACY

4. The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

   a. The defendants agreed to pay an undisclosed kickback of 15% to an undercover FBI agent ("UCA") acting as a manager of the H & B Fund in exchange for having him violate his fiduciary duty to the fund by buying $5.6 million worth of Roaming Messenger stock in a private placement transaction to the exclusion of the stock of another company.

   b. The defendants agreed that prior to the private placement transaction, the defendants would pay the UCA a 25% kickback as manager of the H & B Fund in exchange for having him violate his fiduciary duty to the fund by buying Roaming Messenger stock in the open market to the exclusion of the stock of another company.

   c. The defendants agreed that the otherwise open market in Roaming Messenger stock would be manipulated so that a particular market maker, to the exclusion of others, would be prearranged to pick up the UCA's purchase of

Roaming Messenger stock on behalf of the H & B Fund.

d.  The defendants agreed that the kickback to the UCA would not be disclosed to the H & B Fund that was purportedly already paying the UCA a management fee for conflict-free investment advice.

e.  The defendants also agreed that the kickbacks to the UCA in connection with the private placement would be disguised pursuant to a sham consulting contract between Roaming Messenger and Global Connect.

## OVERT ACTS

5.  In furtherance of the conspiracy and to achieve the objects and purpose thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

a.  On or about February 14, 2005, defendants BRYAN CRANE and RONALD RAMSAY had a meeting with the UCAs where it was agreed that in exchange for the purchase of Roaming Messenger stock by the H & B Fund, defendants BRYAN CRANE and JONATHAN LEI would cause the UCA to be paid an undisclosed kickback of 25% for open market purchases and 15% for private placement purchases.

b.  On or about February 16, 2005, at approximately 12:00 p.m., defendant BRYAN CRANE made a telephone call to the UCA. Defendant BRYAN CRANE introduced a conspiring trader to the UCA. Defendant BRYAN CRANE, the trader, and the UCA discussed how to manipulate the open market transaction so the trader could "catch" the structured buy orders by the H&B Fund for Roaming Messenger stock.

c.  On or about February 16, 2005, at approximately 12:32 p.m., defendant BRYAN CRANE

made a telephone call to the UCA. Defendant BRYAN CRANE told the UCA to purchase 400,000 shares of Roaming Messenger stock. Defendant BRYAN CRANE assured the UCA that once the purchases were made, 25% of the proceeds would be wire transferred to the UCA.

d.   On or about February 18, 2005, defendants BRYAN CRANE and JONATHAN LEI made a telephone call to the UCA. During the telephone call, the UCA spoke to defendant JONATHAN LEI concerning the details of the transactions and the kickbacks. Defendant JONATHAN LEI stated that they were going to draft a financial advisory agreement in order to cover the kickback.

e.   On or about February 18, 2005, defendants JONATHAN LEI and BRYAN CRANE caused a sham consulting agreement, stock purchase agreement, registration rights agreement, and related documents to be mailed to the UCA concerning the private placement transaction between Roaming Messenger and the H & B Fund.

f.   On or about February 22, 2005, at approximately 1:45 p.m., defendants BRYAN CRANE and JONATHAN LEI made a telephone call to the UCA. Defendant JONATHAN LEI suggested delivering to the UCA 400,000 restricted shares of Roaming Messenger stock with the necessary documents to make the shares free trading. Defendants JONATHAN LEI and BRYAN CRANE discussed the 25% kickback going to the UCA concerning the open market purchase of the 400,000 share of Roaming Messenger stock.

g.   On or about February 22, 2005, at approximately 2:25 p.m., defendant BRYAN CRANE made a telephone call to the UCA. Defendant BRYAN CRANE suggested that the UCA purchase the 400,000 shares of Roaming Messenger stock in the open market.

h.   On or about February 23, 2005, defendants BRYAN CRANE and JONATHAN LEI caused the wire transfer of $800 to a bank account controlled by the UCA as a 25% kickback for H

& B Fund's purchase of 16,000 shares of Roaming Messenger stock.

i. On or about February 25, 2005, defendants BRYAN CRANE and JONATHAN LEI caused the wire transfer of $1,150 to a bank account controlled by the UCA as a 25% kickback for H & B Fund's purchase of 20,000 shares of Roaming Messenger stock.

j. On or about February 25, 2005, defendants BRYAN CRANE and JONATHAN LEI caused bank account wiring instructions to be faxed to the UCA concerning the private placement transaction.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

## SECURITIES FRAUD

1. The allegations contained in paragraphs 1 through 5 of the General Allegations section, and paragraphs 1 through 5 of Count 1 of this Indictment are realleged and incorporated as though fully set forth herein.

2. On or about February 22, 2005, at Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**BRYAN CRANE, and
JONATHAN LEI,**

knowingly and willfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, did, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of a security, that is, 16,000 shares of stock in Roaming Messenger, Inc., and did (a) employ a device, scheme and artifice to defraud, (b) make untrue statements of material facts and

omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) engage in acts, practices and courses of business which would and did operate as a fraud and deceit upon others, in connection with the purchase and sale of said securities.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.

## COUNT 3

## SECURITIES FRAUD

1. The allegations contained in paragraphs 1 through 5 of the General Allegations section, and paragraphs 1 through 5 of Count 1 of this Indictment are realleged and incorporated as though fully set forth herein.

2. On or about February 23, 2005, at Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**BRYAN CRANE, and
JONATHAN LEI,**

knowingly and willfully, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, did, directly and indirectly, use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of a security, that is, 20,000 shares of stock in Roaming Messenger, Inc., and did (a) employ a device, scheme and artifice to defraud, (b) make untrue statements of material facts and omit to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and (c) engage in acts, practices and

courses of business which would and did operate as a fraud and deceit upon others, in connection with the purchase and sale of said securities.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON — Deputy


_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY


_____
ROLANDO GARCIA
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

BRYAN CRANE, ET AL

Defendants.

_____/

CASE NO. 06-80010-CR-Ryskamp

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

___ Miami      ___ Key West
___ FTL    _X_ WPB  ___ FTP

New Defendant(s)           Yes ___   No ___
Number of New Defendants         ___
Total number of counts           ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:  (Yes or No)   **No**
   List language and/or dialect   **n/a**

4. This case will take _five_ day(s) for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                          (Check only one)

   I   0 to 5 days      _X_        Petty       ___
   II  6 to 10 days     ___        Minor       ___
   III 11 to 20 days    ___        Misdem.     ___
   IV  21 to 60 days    ___        Felony      _X_
   V   61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)   **No**
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)  **No**
   If yes:
   Magistrate Case No.  **N/A**
   Related Miscellaneous numbers:  **N/A**
   Defendant(s) in federal custody as of  **N/A**
   Defendant(s) in state custody as of    **N/A**
   Rule 20 from the        **N/A**       District of _____

   Is this a potential death penalty case? (Yes or No)  **No**

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?   ___ Yes  _X_ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?   ___ Yes  _X_ No
   If yes, was it pending in the Central Region?   ___ Yes  ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes  _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003 ?   ___ Yes  _X_ No

_____
ROLANDO GARCIA
ASSISTANT UNITED STATES ATTORNEY
Fla Bar No. 0763012

Penalty Sheet(s) attached

REV.1/14/04

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**PENALTY SHEET**

Defendant Name: BRYAN CRANE     Case No.: _____

Count #  1
CONSPIRACY TO COMMIT SECURITIES FRAUD, MAIL FRAUD, AND WIRE FRAUD

18 USC § 371
Max. Penalty: 0-5 years imprisonment; $250,000.00 fine
=================================================================
Count #  2 - 3
SECURITIES FRAUD

15 USC § 78j(b) and 78ff(a) and 17 CFR § 240.10b-5 and 18 USC § 2
Max. Penalty: 0-20 years imprisonment, $5,000,000.00 fine
=================================================================
Count # _____

Max. Penalty: _____
=================================================================
Count # _____

Max. Penalty: _____
=================================================================
Count # _____

Max. Penalty: _____
=================================================================

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**PENALTY SHEET**

Defendant Name: JONATHAN LEI          Case No.: _____

Count # 1
CONSPIRACY TO COMMIT SECURITIES FRAUD, MAIL FRAUD, AND WIRE FRAUD

18 USC § 371
Max. Penalty: 0-5 years imprisonment; $250,000.00 fine
============================================================================
Count # 2 - 3
SECURITIES FRAUD

15 USC § 78j(b) and 78ff(a) and 17 CFR § 240.10b-5 and 18 USC § 2
Max. Penalty: 0-20 years imprisonment, $5,000,000.00 fine
============================================================================
Count # _____

Max. Penalty: _____
============================================================================
Count # _____

Max. Penalty: _____
============================================================================
Count # _____

Max. Penalty: _____
============================================================================

*Refers only to possible term of incarceration, does not include
possible fines, restitution, special assessments, parole terms,
or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**PENALTY SHEET**

Defendant Name: RONALD RAMSAY          Case No.:_____

Count # 1
CONSPIRACY TO COMMIT SECURITIES FRAUD, MAIL FRAUD, AND WIRE FRAUD

18 USC § 371
Max. Penalty: 0-5 years imprisonment; $250,000.00 fine
================================================================
Count #_____

Max. Penalty:_____
================================================================
Count #_____

Max. Penalty:_____
================================================================
Count #_____

Max. Penalty:_____
================================================================
Count #_____

Max. Penalty:_____
================================================================

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

FGJ 05-01 (WPB)

_GJ 01-138

No. 06-8001O-Cr-Ryskamp/Hopkins

# UNITED STATES DISTRICT COURT

**Southern** District of **Florida**

**Northern** Division

## THE UNITED STATES OF AMERICA

vs.

BRYAN CRANE,
JONATHAN LEI, and
RONALD RAMSAY

## INDICTMENT

18 USC §371
18 USC §2
15 USC §78j(b)
15 USC §78ff(a)
17 CFR § 240.10b-5

A true bill.

_Jeff Pino_
Foreman

Filed in open court this 19th

day of _January_ A.D. 20 06

_[signature]_
Clerk

Bail. $ _____

GPO 863 928